UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COURTNEY LANDRY, ET AL**                                     **CIVIL ACTION**

**VERSUS**                                                     **NO. 21-794**

**DEPARTMENT OF CHILD AND FAMILY SERVICES**                    **SECTION "B"(4)**
**STATE OF LOUISIANA, ET AL**

ORDER AND REASONS

Before the Court are plaintiffs' motion to remand (Rec. Doc. 11) and defendants' opposition (Rec. Doc. 15). For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 11) is **DENIED**.

FACTS OF THE CASE AND PROCEDURAL HISTORY

This suit is related to a previous case filed by plaintiffs Courtney Landry and Johnny Jacob Landry, individually and on behalf of their minor children (collectively "plaintiffs"), in this Court against defendants Louisiana Department of Children and Family Services ("DCFS"); Marketa Garner Walters both in her official capacity as Secretary of DCFS and in her individual capacity ("Walters"); and Troy Thomas in her individual capacity ("Thomas") (collectively "defendants"). Rec. Doc. 11-1 at 2; *see Landry, et al v. Department of Child and Family Services State of Louisiana, et al*, CA 20-2630, ECF No. 1 ("First Landry Lawsuit").

On September 29, 2020, plaintiffs filed the First Landry Lawsuit in this Court pursuant to Louisiana tort law and 28 U.S.C. § 1983, alleging that defendants conspired to remove plaintiffs'

1

22-month-old foster child from their home and that DCFS retaliated against plaintiffs for sharing their story with the media. Rec. Doc. 11-1 at 2. On November 10, 2020, defendants filed a motion to dismiss, requesting that Walters be dismissed for lack of subject matter jurisdiction because she is entitled to Eleventh Amendment immunity and that Thomas be dismissed for failure to state a claim. *Landry*, CA 20-2630, ECF No. 15 at 1. Rather than responding to defendants' motion to dismiss, plaintiffs moved to file an amended complaint wherein plaintiffs removed their official capacity claims against Walters. *Id.*, ECF No. 19.

On December 3, 2020, this Court granted plaintiffs leave to file an amended complaint and dismissed as moot defendants' motion to dismiss. *Id.*, ECF No. 20. Despite plaintiffs' attempt in their amended complaint to rectify the Eleventh Amendment issues, defendants subsequently moved to dismiss the amended complaint on December 9, 2020. *Id.*, ECF. No. 23. Defendants once again argued that Walters is entitled to Eleventh Amendment immunity and that all individual claims against Walters and Thomas should be dismissed for failure to state a claim. *Id.*

After admitting that "their attempt to have this matter adjudicated in Federal Court was futile," plaintiffs decided that state court would be the more agreeable forum for both parties to proceed with litigation. Rec. Doc. 11-1 at 2. Thus, without ever filing an opposition to defendants' second motion to dismiss,

2

plaintiffs filed a voluntary motion to dismiss without prejudice with defendants' consent. *Id.*, ECF No. 26.

On January 21, 2021, plaintiffs refiled their state complaint against defendants in the Civil District Court for the Parish of Orleans, State of Louisiana ("Second Landry Lawsuit"). Rec. Doc. 11-1 at 2; Rec. Doc. 1-2. On April 19, 2021, defendants removed the matter to this Court, arguing that plaintiffs' First Amendment and Section 1983 claims satisfy federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Rec. Doc. 1 at 2.

On April 27, 2021, plaintiffs filed the instant motion to remand on the grounds that the doctrine of judicial estoppel should bar defendants from proceeding in this Court. Rec. Doc. 11-1 at 4.

On May 3, 2021, defendants timely opposed the motion, arguing that judicial estoppel is inapplicable because their removal is not inconsistent with Walters's prior invocation of the sovereign immunity defense and that this Court never formally "accepted" this defense before plaintiffs voluntarily dismissed the action. Rec. Doc. 15 at 7.

**LAW AND ANALYSIS**

**A. Remand Standard**

Federal courts are "courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). A

3

defendant may remove a civil action pending in state court only where a federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Once removal jurisdiction is challenged, the removing defendant has the burden of establishing facts that would show federal jurisdiction. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Any ambiguities should be construed against removal and in favor of remand. *Manguno v. Prudential Prop. And Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

**B. Judicial Estoppel**

Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004). The judicial estoppel doctrine is intended "to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988). The court may invoke the judicial estoppel doctrine at its discretion if (1) the party's current position is "clearly inconsistent with its previous one" and (2) "that party must have convinced the court to accept that previous position." *Gabarick v.*

*Laurin Maritime (America) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014)(quoting *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001)).[1]

1. Inconsistent Positions

Judicial estoppel requires a showing of an inconsistent position, which "often turns on whether the positions relate to the same issue or thing." *NGM Insurance Company v. Bexar County, Texas*, 211 F.Supp.3d 923, 932 (W.D.Tex. 2016). "Where two positions take opposite sides on the same issue, many cases find an inconsistency of positions." *Id.* (citing *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 860 (5th Cir. 2010)).

In *Guerry v. Frakes*, the court originally agreed with the defendants that plaintiff's state claims were barred by sovereign immunity and dismissed the action without prejudice to reassert in state court. 251 F.Supp.3d 1278, 1281 (D.Neb. 2017). The court later exercised its discretion to estop the defendants from removing plaintiff's state action in view of defendants' clearly inconsistent jurisdictional argument. *Id.*

In relying on *Guerry,* plaintiffs argue that estoppel is the appropriate means to prevent defendants from removing the same claims they originally moved to dismiss under the Eleventh Amendment. Rec. Doc. 11-1 at 8. Contrarily, defendants maintain

---

[1] Although the Supreme Court in *New Hampshire v. Maine* identified three elements to consider before applying the judicial estoppel doctrine, the Fifth Circuit has repeatedly held that only the two above requirements *must* be met. *Gabarick*, 753 F.3d at 553.

5

that they consistently sought Walters' dismissal based on sovereign immunity but never challenged that this Court had original jurisdiction over plaintiffs' federal cause of action. Rec. Doc. 15 at 7.

The record is clear that defendants' prior sovereign immunity argument, which served as the basis of their motions to dismiss, has now been effectively waived through their voluntary removal. *See Lapides v. Bd. Of Regents*, 535 U.S. 613, 624 (2002); *see also* Rec. Doc. 4-1 at 9. While plaintiffs raise valid arguments concerning defendants' seemingly inconsistent Eleventh Amendment position, this Court nevertheless finds *Guerry* unpersuasive because we never formally accepted defendants' position, as discussed further below.

2. <u>Judicial Acceptance</u>

Before the court can apply judicial estoppel, the movant must also show that "the first court has adopted the position urged by the party to be estopped." *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999). Requiring judicial acceptance of the previous position "minimizes the danger of a party contradicting the court's determination based on a party's prior position, and thus mitigates the corresponding threat to judicial integrity." *Id.*

It is important to note that the Fifth Circuit's standard governing this element is "slightly unsettled." *NGM*, 211 F.Supp.3d

at 933; *see Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 399 (5th Cir. 2003)(holding that the judicial acceptance requirement could be met if a party makes an argument "with an explicit intent to induce the district court's reliance. . .regardless of whether that party prevails"); *but see Hopkins v. Cornerstone Am.*, 545 F.3d 338, 348 (5th Cir. 2008)("While we need not rule on the validity of [*Hall*] here, we note its potential inconsistency with our general approach and with the Supreme Court's analysis in *New Hampshire*."). The Fifth Circuit has since strayed from the *Hall* approach and generally requires *actual* acceptance "either as a preliminary matter or as part of a final disposition." *Superior Crewboats*, 374 F.3d at 335.

In *Prideaux*, the plaintiff argued that the lower court accepted the defendant's prior position on plaintiff's underlying culpability by dismissing the action upon notice of the parties' settlement agreement. *Prideaux v. Tyson Foods, Inc.*, 387 F.App'x 474, 478 (5th Cir. 2010). The Fifth Circuit disagreed and held that judicial estoppel is inapplicable to later proceedings where a settlement effectively dismissed the original action because "settlements in ordinary civil cases do not require the judicial acceptance of either party's position." *Id.* Of significance, the court noted that defendant never successfully asserted its prior position, given that settlement was reached at the initial pleading stage before the court could ever reach the merits. *Id.*; *cf. NGM*,

211 F.Supp.3d at 935 (judicially estopping plaintiff from arguing an inconsistent position from the one accepted by the magistrate judge in his report and recommendation on a dispositive motion).

Here, defendants argue that this Court never accepted its Eleventh Amendment argument because their motions to dismiss were ultimately mooted by plaintiffs' litigation decisions. Rec. Doc. 15 at 7. Although plaintiffs acknowledge that this Court did not have an opportunity to formally accept defendants' position, they contend that their decision to dismiss the action and refile in state court was guided by defendants' repeated representations of their Eleventh Amendment immunity defense. Rec. Doc. 11-1 at 6.

Like the parties' settlement in *Prideaux*, plaintiffs' decision to voluntarily dismiss the action prevented this Court from considering defendants' motion to dismiss, much less from adopting their position that Walters was entitled to Eleventh Amendment immunity. Plaintiffs' reliance on defendants' representations does not persuade this Court to grant them relief because the Fifth Circuit has made clear that judicial estoppel solely concerns the court's reliance and subsequent adoption of the party's position. *Coastal Plains*, 179 F.3d at 205 (because judicial estoppel protects the judicial system, rather than the litigants, "detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary"). Because plaintiffs have failed to show judicial acceptance of defendants'

8

prior inconsistent position, the extraordinary remedy of judicial estoppel should not be granted.

3. Public Policy

Plaintiffs also raise public policy concerns that they suggest warrant remand. Rec. Doc. 11-1 at 8. "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Coastal Plains*, 179 F.3d at 206.

Plaintiffs argue that defendants' request to proceed in a court they previously sought dismissal from reflects improper forum shopping. Rec. Doc. 11-1 at 8. Defendants refute the allegation that they acted in bad faith and indicate that they were merely exercising their statutory right to remove plaintiffs' federal cause of action. Rec. Doc. 15 at 8-9.

In *Ute Indian Tribe of Uintah and Ouray Reservation v. Lawrence*, the plaintiff filed a breach of contract claim in federal court against the defendant tribe, who successfully argued that the court lacked subject matter jurisdiction. 289 F.Supp.3d 1242, 1254 (D.Utah 2018). The court invoked the judicial estoppel doctrine, in part, because defendants' bad faith removal on the eve of trial was clearly intended to avoid an unfavorable judgment in state court. *Id*. The court considered the policy implications

9

and stated that the defendants' "flip-flopping of positions and the unfair advantage it would give [them] supports the court declining to exercise supplemental jurisdiction." *Id.*

Removing the Second Landry Lawsuit shortly after its commencement does not demonstrate the same kind of "fast and loose" conduct exhibited by the defendants in *Ute Indian Tribe*. Thus, plaintiffs' assertion that defendants' Eleventh Amendment position induced them to voluntarily dismiss this dispute and "jump through hoops" to commence state litigation is unavailing. Therefore, this Court finds that public policy does not justify estopping defendants' proper removal of this case.

New Orleans, Louisiana this 10th day of June, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE