UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COURTNEY LANDRY, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-794** |
| **DEPARTMENT OF CHILD AND FAMILY SERVICES STATE OF LOUISIANA, ET AL** | **SECTION "B"(4)** |

## ORDER

Considering defendants' motion to dismiss (Rec. Doc. 4) and plaintiffs' opposition in response (Rec. Doc. 23) which shall be construed as an alternative motion for leave to file an amended complaint,

**IT IS ORDERED** that plaintiffs' request for leave to amend their complaint is **GRANTED.** Federal Rule of Civil Procedure 15(a)(2) authorizes courts to "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Courts generally deny amendment requests where undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing

party, or futility of a proposed amendment exists. *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

As discussed in our previously issued order and reasons, plaintiffs originally filed their complaint in this Court in view of their 42 U.S.C. § 1983 claims. *See generally* Rec. Doc. 30. After defendants filed two motions to dismiss based, in part, on sovereign immunity grounds, plaintiffs determined that further attempts to amend their complaint to avoid sovereign immunity claims would be futile. Thus, plaintiffs voluntarily dismissed their action to refile their petition in state court. Shortly after refiling, defendants removed the action back to this Court and acknowledged in the pending motion to dismiss that their voluntary removal effectively waived any sovereign immunity defenses. Rec. Doc. 4-1 at 9.

In their opposition to defendants' Rule 12(b)(6) motion, plaintiffs maintain that their complaint sufficiently states a claim as to each count but requests in the alternative that they be given an opportunity to amend their complaint.[1] Rec. Doc. 23-1. Plaintiffs indicate that any perceived pleading deficiencies were not originally contemplated when redrafting their complaint to meet state pleading standards. *Id.* at 24. Nevertheless,

---

[1] Because plaintiffs requested leave to amend the complaint before the June 11, 2021 amendment deadline set forth in the scheduling order, we do not have to apply the more rigorous "good cause" standard of Rule 16(b).

2

plaintiffs propose that their amended complaint will include additional facts to support their existing claims. *Id.*

Pursuant to Rule 15(a), this matter does not present any mitigating factor to warrant denial of leave, particularly a lack of bad faith or continued failure to cure pleading deficiencies. Regarding the potential of undue delay and prejudice to defendants, it is important to note that this matter has not moved beyond the initial pleading stage in both this Court and state court. As such, the instant litigation would have likely moved further along in the proceedings, perhaps neared resolution, but for defendants' procedural conduct.

Regarding potential futility concerns, it is undisputed that Section 1983 claims against "arms of the state" and state officials in their official capacity, like the Department of Child and Family Services ("DCFS") and Marketa Walters ("Walters"), are generally dismissed because those defendants are not "persons" within the meaning of Section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). This well-settled principle is intended to prevent duplicative claims against both the state and its official. *Id.*

Plaintiffs indicate that leave to amend is necessary so that they may seek prospective relief to overcome the "persons" defense. Rec. Doc. 23-1 at 8; *see Will*, 491 U.S. at 71, n. 10 ("Of course, a state official in his or her official capacity, when sued for

3

injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"). Assuming plaintiffs request prospective relief against Walters in her official capacity and assert sufficient facts to survive Rule 12(b)(6), their Section 1983 claims against both DCFS and Walters may no longer be considered duplicative and may proceed.

As it relates to the Section 1983 claims against DCFS, we recognize that this Court and our sister courts have all held that DCFS is considered an "arm of a state" that must be dismissed under Section 1983. *See Martin v. Department of Children and Family Services*, 500 F.Supp.3d 527, 543 (E.D.La. 2020); *Cummings v. Louisiana Dept. Children & Family Services*, No. 1:14-cv-3362, 2015 WL 5015311, at *2, n. 2 (W.D.La. Aug. 21, 2015); *Harmony Center, LLC v. Jindal*, No. 10-621-BAJ-CN, 2010 WL 4955167, at *7 (M.D.La. Nov. 30, 2010). Thus, there is a potential that amending this claim may prove to be futile. Nevertheless, we decline to make piecemeal determinations of defendants' pending motion to dismiss before plaintiffs are given an opportunity to "plead their best case." *Phillips v. Whittington*, No. 17-cv-01524, 2018 WL 11310301, at *1 (W.D.La. Feb. 13, 2018)("[Granting leave to amend] will avoid the wasteful practice of waiting until after the court has gone to the trouble of ruling on motions to dismiss to ask to amend and cure shortcomings in a complaint.").

Therefore, this Court finds that justice so requires permitting amendment of the complaint to provide additional facts, as plaintiffs see fit, that support their claims and overcome anticipated defenses. *Id.* ("[T]he district court has discretion to request a plaintiff to respond to a pleading that asserts [qualified] immunity. That response is often a reply or amended complaint."). Should we find that the factual allegations in the amended complaint are insufficient to survive Rule 12(b)(6) dismissal, this Court shall dismiss the inadequately pleaded claims per defendants' reurged motion. Accordingly,

**IT IS FURTHER ORDERED** that **no later than 14 days of the date of this order** plaintiffs shall file their amended complaint provided they present in good faith factual allegations addressing above noted issues and

**IT IS FURTHER ORDERED** that defendants' Rule 12(b)(6) motion to dismiss (Rec. Doc. 4) is **DISMISSED WITHOUT PREJUDICE** to reurge after plaintiffs file their amended complaint.

New Orleans, Louisiana this 7th day of July, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

5